## YOUNG *et al. v.* CITY OF MOULTRIE.

Under the pleadings and the evidence, the court did not err in refusing an interlocutory injunction.

No. 5519. FEBRUARY 24, 1927.

Petition for injunction. Before Judge W. E. Thomas. Colquitt superior court. June 19, 1926.

H. A. Young and a number of others filed a petition for injunction against the City of Moultrie and the mayor and aldermen and clerk of the city, and alleged substantially the following: The City of Moultrie was incorporated by an act of the legislature (Ga. Laws 1901, p. 591). Sections 25 and 27 of the act conferred upon the mayor and aldermen authority to regulate the introduction of water and lights onto and into any premises of private persons located within the boundary lines of the city. This was done by ordinance. The city owns and operates a water and light department, and sells water and light to any citizens of said city who desire the same, but the charter of the city does not make it compulsory to take water and lights from the city. When the rules and regulations governing the manner of introduction of water and lights into the private premises of citizens were published and promulgated, many of the citizens, including petitioners, at said time or thereafter and prior to March 1, 1926, undertook to comply with the rules and regulations. Water and lights were duly and properly installed into the homes of those citizens who had accepted the provisions of such rules and regulations. The acceptance of these rules and regulations constituted a contract entered into by the city and the citizens. Petitioners have continued to use the water and lights from the city and to pay therefor monthly as called for by the governing authorities. Among other rules and regulations the city prescribed that a citizen who so desired might purchase from the city meters for both water and lights; and that such citizens who did not desire to purchase such meters might rent the

---

Electricity, 20 C. J. p. 307, n. 28; p. 336, n. 18.

Waters, 40 Cyc. p. 793, n. 14; p. 794, n. 18; p. 795, n. 26; p. 796, n. 31; p. 804, n. 98 New.

same from the city by paying therefor a monthly rental of fifty cents for each of said meters. Many of the citizens, including a number of petitioners, accepted the offer of the city and purchased meters from it; others, including a number of petitioners, did not accept the offer to sell them meters, but took the meters on the monthly-rental basis. Under said arrangement meters were installed in all of the premises of petitioners under one or the other plan, and they have been paying the monthly water and light bills as rendered by the city. Notwithstanding such arrangement the mayor and aldermen of the city have recently adopted an ordinance, as follows:

"On and after March 1, 1926, every consumer or user of electricity or water in said city, supplied by the water and light plant of said city, whether property owner, landlord, or tenant, shall make with the clerk the following deposits for the following services, before any cut-in, connection, or service is made for or extended to any consumer or user, to wit: 1. For each connection or cut-in for water service for each residence or office (not including office buildings), $1.50. 2. For each connection or cut-in for electric-light service for each residence or office (not including office buildings), $3.50. 3. For each connection or cut-in for cooking-stove service for each residence, hotel, restaurant, or place of business, $5.00. 4. For each connection or cut-in for water or light service, or both, for any business house, office building, store, industry, plant, factory, shop, or other place of business, total service, $15.00. That any property owner or customer, who owns his light or water meter, may assign and set the same over to the city as security for and in lieu of the above enumerated amounts required to be deposited; provided such property owner or customer will make such assignment in writing wherein he shall agree to hold his meter in his possession in trust and as bailee for hire for said city. That the amount of such deposit or said meters shall be returned to each depositor when such depositor moves from the place where such service is supplied, or when for any reason the same is discontinued; provided the full amount due the city by such depositor is first paid up to the time of the discontinuance of such service. Deposits must be made prior to March 1, 1926."

It is alleged that the defendant is threatening to enforce this

ordinance against all the users of water and lights, including petitioners, who have already made the connections referred to; and that the ordinance is unenforceable and void, for the following reasons: (a) It violates the provision of the State constitution, art. 1, sec. 3, par. 2, which prohibits the enactment of any law impairing the obligation of contracts. (b) It violates the Federal constitution, art. 1, sec. 10, par. 1, which prohibits the enactment of any law impairing the obligation of contracts. (c) It violates art. 1, sec. 1, par. 3, of the constitution of Georgia, which prohibits deprivation of property without due process of law. (d) It does not apply by its terms to those citizens, including petitioners, who had water and light connections at the time of its enactment. (e) It is arbitrary and unreasonable. (f) It violates art. 1, sec. 4, of the State constitution, which prescribes uniformity of laws and prohibits class legislation. Petitioners are without remedy at law, and will be irreparably damaged unless the enforcement of said ordinance be restrained. They join in this action in order to prevent a multiplicity of suits. They pray, for process; that the enforcement of the ordinance be restrained and enjoined; that the ordinance be declared to be void and unenforceable; and for general relief.

By amendment the petitioners alleged, that the contracts referred to were made by petitioners with the water and light department of the city, and were authorized by an ordinance passed by the aldermen of the city; that the passage of the ordinance was a due and proper exercise of authority delegated to the mayor and aldermen by sections 25 and 27 of the charter of the city (supra); that these contracts were a legal exercise of the duties conferred by said ordinance upon the water and light department; that the governing authorities of the city, unless restrained, will cut off both water and light service to petitioners and other consumers in the city, and will refuse to supply water and light service, unless they pay to the city the deposits prescribed in the ordinance; that the ordinance is unreasonable and will serve no beneficial purpose, for that, under the ordinance and the rules and regulations of the water and light department, the city is fully protected from any loss; that the regulations of the water and light department now require that, when water and light service is cut off because of non-payment of water and light bills, said water and light de-

partment will not again connect with such premises until all arrears have been fully paid; that such regulation has been held by the courts to be a valid and proper exercise of the functions and duties of a water and light department; that the ordinance impairs the obligation of said contracts, denies and destroys the existing and vested rights of petitioners and other consumers of water and lights, and is a practical confiscation of their property; that the ordinance is retroactive in character, and void under the constitutional provisions before quoted, and it impairs the jus disponendi of the owners of property, vested under the contracts between petitioners and the water and light department of the city.

At interlocutory hearing (it being admitted that all the material allegations of the petition were true), the case heard on the pleadings and an affidavit of P. G. Bryan, by agreement. An injunction was denied, and the plaintiffs excepted.

*J. L. Dowling,* for plaintiffs. *P. Q. Bryan,* for defendant.

HILL, J. (After stating the foregoing facts.) We are of the opinion that the court did not err, under the pleadings and evidence contained in the record, in refusing an interlocutory injunction; for we are of the opinion that petitioners failed to show any such binding contract with the city, made and entered into by the city authorities and petitioners, as would prevent the passage of the ordinance which is attacked by petitioners as being invalid upon several grounds. It is alleged in the petition that when the rules and regulations passed by the city in pursuance of the authority conferred by its charter, and which governed the manner of introduction of water and lights upon and into the property of citizens of the city, were duly published and promulgated at some time prior to the adoption of the ordinance of March 1, 1926, the complainants undertook to comply with those rules and regulations, and upon their compliance therewith water and lights were duly installed in the homes of the citizens who had accepted the provisions of the rules and regulations. And petitioners also further aver that "the acceptance of the rules and regulations promulgated and prescribed by the mayor and aldermen of the city by the citizens thereof, including petitioners, constituted a contract entered into by and between the citizens thus accepting and the mayor and aldermen of the city." We can not agree with this contention. We do not enter into a discussion of the question as to whether

or not the mayor and aldermen of the city might at that time, when the rules and regulations prescribed were accepted by these complainants, have made a continuing and binding contract, and it is not necessary to decide that question; but we do hold that there is no contract made and entered into between the city authorities and the complainants. The city had the right to make reasonable rules and regulations in regard to the introduction of water and lights into the homes of its citizens; but what might be reasonable rules and regulations at one time might become unreasonable at another; rates for the furnishing of light and water at one time might become unreasonable with the lapse of time and changed conditions. The city had the right to require the installation of meters at the expense of the citizens who availed themselves of the privilege of having cut-ins made for light and water. In the case of *Farkas* v. *Albany,* 141 *Ga.* 833 (82 S. E. 144, L., R. A. 1913A, 320, Ann. Cas. 1915C, 1195), it was held that it is not "a great injustice if the city requires him [the consumer] to provide the means for measuring the amount taken by him, in such a manner as to reasonably protect itself and the general public against waste of the common water-supply, and against false measurements and false reports on the part of the consumer. This is accomplished by means of a meter. It may be that the dominant purpose of its installation is to protect the city. But it may also have a beneficial use to the consumer, in that he is only charged for the water which he consumes. We do not think, therefore, that the cases of gas companies and water companies operating under certain franchises or contracts, which are cited by counsel for the plaintiff in error, are controlling. But the real question is whether the City of Albany has charter power to have meters installed at the expense of the consumers." If under ordinances prior to the one now under consideration the city had granted, as it did, to the citizens the right to purchase meters at their own expense and have them installed, and had by the new ordinance, that is, the one of March 1, 1926, required them to purchase other meters from the city, there being no defect in the other former meters, such an ordinance might be held' to be unreasonable and void upon that ground; but it would not be void upon the ground that it impaired the obligations of a contract. "The municipality or public-service corporation may reasonably and properly require that the charge

for water or light supplied shall be based upon and governed by the quantity used as indicated by meter; and on the other hand the authorities may in their discretion dispense with meters and insist that the rate be determined by the number and nature of the fixtures. If the meter be supplied by the municipality or corporation, it has the right, in the absence of statute provision to the contrary, ordinarily to charge reasonable rent for the meter. Or it may, in proper cases, require that consumers shall at their own expense provide meters and keep them in repair." 3 Dill, Mun. Corp. 2215. But in the present case there is no intention upon the part of the city authorities to take away the meters which the complainants had purchased, or to deprive them of their property in such meters. They are merely requiring them to "assign and set the same over to the city as security for and in lieu of the above enumerated amounts required to be deposited, provided such property owner or customer will make such assignment in writing wherein, he shall agree to hold his meter in his possession in trust and as bailee for hire for said city." If the ordinance had ended there, it might be that this would amount to a taking of the citizen's property without due process of law. But the ordinance makes the further provision that "the amount of such deposit or said meters shall be returned to each depositor when such depositor moves from the place where such service is supplied, or when for any reason the same is discontinued; provided the full amount due the city by such depositor is first paid up to the time of the discontinuance of such service." The court was authorized to find and hold that the part of the ordinance which requires such deposits to be made or the assignment, for the purposes stated, of the meter, is a means of protection to the city against loss which might be incurred by the removal of a householder without making payment of the accumulated dues for water furnished; and the court was authorized to find that such regulation was not unreasonable.

Having held that there was no contract that would be violated by the enforcement of the ordinance of March 1, 1926, and that the court was authorized to hold that the ordinance was not unreasonable, there is no merit in the attack made upon the ordinance upon the ground stated wherein it is contended that it is in violation of certain sections of the State constitution.

*Judgment affirmed. All the Justices concur.*